# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-753V
(Unpublished)

| | |
|---|---|
| PATRICIA GAUTHIER,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>Respondent. | Special Master Katherine E. Oler<br><br>Filed: October 5, 2021<br><br>Petitioner's Motion for a Decision;<br>Dismissal of Petition; Vaccine Act. |

*Amy Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner
*Debra Begley*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION DISMISSING PETITION[1]

### I.  Procedural History

On May 29, 2018, Patricia Gauthier ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed polymyalgia rheumatica ("PMR") from the influenza vaccination she received on October 27, 2015. Pet. at 1, ECF No. 1. Petitioner filed statements of completion on May 31, 2018 and July 30, 2018. ECF Nos. 7, 12.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On April 15, 2019, Respondent filed a Rule 4(c) Report stating that this case is not appropriate for compensation pursuant to the Vaccine Act. Resp't's Rep. at 2, ECF No. 17. More specifically, Respondent stated that

> [P]etitioner has not provided evidence that satisfies her burden under *Althen*. Petitioner has not offered the medical opinion of a qualified expert showing that the flu vaccine can cause her alleged injury, and that it did so in this instance. Nor do the medical records provide evidence sufficient to meet petitioner's burden of proving the prima facie elements of her claim. Most notably, none of petitioner's treating physicians ever attributed her PMR to her vaccination.

*Id.* at 6-7.

On August 21, 2019, Petitioner filed an expert report written by Dr. Eric Gershwin. Ex. 11. On January 2, 2020, Respondent filed an expert report written by Dr. Mehrdad Matloubian. Ex. A. On February 4, 2020, Petitioner filed a supplemental expert report from Dr. Gershwin. Ex. 13. On July 1, 2020, Respondent filed a responsive expert report from Dr. Matloubian. Ex. D. On October 2, 2020, Petitioner filed another supplemental expert report from Dr. Gershwin. Ex. 15. On March 22, 2021, Respondent filed another responsive report from Dr. Matloubian. Ex. E. On April 20, 2021, Petitioner filed a final expert report from Dr. Gershwin. Ex. 24.

On June 2, 2021, I held a status conference with the parties to discuss my preliminary views of this case. Scheduling Order on 6/2/2021, ECF No. 39. I informed the parties that I was not persuaded that the flu vaccine can cause PMR. *Id.* Petitioner has presented case study evidence to support her prong one theory. *Id.* Furthermore, the etiology of PMR is unknown and it does not appear to be a post-infectious disease. *Id.* During this status conference, I recommended that Petitioner dismiss her case. *Id.* Petitioner's counsel requested 30 days to file a status report indicating whether Petitioner would file a motion to dismiss her petition. *Id.* Petitioner's counsel filed several motions for an extension. ECF Nos. 40, 41, 42. I granted those motions. *See* non-PDF Orders granting petitioner's motion for an extension of time on 7/6/2021, 8/4/2021, and 9/2/2021.

Petitioner filed the instant motion to dismiss her claim on October 5, 2021, stating "In these circumstances, to proceed further would be unreasonable, and would waste the resources of this Court, Respondent, and the Vaccine Program." Pet'r's Mot. at 3, ECF No. 43.

## II.     Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
