# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 23, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| PATRICIA GAUTHIER, | * | |
| | * | |
| Petitioner, | * | No. 18-753V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Debra A. Filteau Begley*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On May 29, 2018, Patricia Gauthier ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2] alleging that she developed polymyalgia rheumatica as a result of an influenza vaccination she received on October 27, 2015. Pet. at 1. After a series of expert reports from the parties, the undersigned held a status conference on June 2, 2021, wherein she informed the parties she was not persuaded that the flu vaccine can cause PMR and recommended that Petitioner dismiss her case. Petitioner filed her motion to dismiss her petition on October 5, 2021, and on the same day the undersigned issued her decision dismissing the case for insufficient proof. (ECF No. 44).

On December 21, 2021, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 49) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$41,862.99, representing $23,448.90 in attorneys' fees and $18,414.09 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs related to this litigation. *Id.* Respondent failed to file a response within the allotted time.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, the undersigned does not doubt that the claim was brought in a good faith belief that Petitioner's vaccination caused her injury. Additionally, Petitioner was able to file expert reports supporting her claim and while the undersigned ultimately did not find them to be persuasive, there was reasonable basis to proceed with the case for as long as it did. Additionally, the undersigned notes that Respondent has not advanced *any* argument against the reasonable basis or good faith of the claim (and indeed, declined to file even his standard response altogether). Accordingly, the undersigned finds that Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.     Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her attorney, Ms. Amy Senerth: $225.00 per hour for work performed in 2017, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019, $275.00 per hour for work performed in 2020, and $300.00 per hour for work performed in 2021. Fees App at 1. These rates are consistent with what Ms. Senerth has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b.     Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the overall number of hours billed appears to be largely reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. However, a small reduction must be made for paralegals billing time for clerical tasks such as filing documents and for attorney time directing paralegals to file documents. This results in a reduction of $798.10. Petitioner is therefore awarded final attorneys' fees of $22,650.80.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $18,414.09 in attorneys' costs. Fees App. at 15. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's medical expert, Dr. M. Eric Gershwin. All of these costs are reasonable in the undersigned's experience and have been supported with appropriate documentation. Accordingly, the costs shall be fully reimbursed.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $23,448.90 |
| (Reduction to Fees) | - ($798.10) |
| **Total Attorneys' Fees Awarded** | **$22,650.80** |
| | |
| Attorneys' Costs Requested | $18,414.09 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$18,414.09** |
| | |
| **Total Amount Awarded** | **$41,064.89** |

**Accordingly, the undersigned awards a lump sum in the amount of $41,064.89, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Amy Senerth.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).